■ JAMES REYNOLDS, Appellant, v SPRINGER SERVICE STATION, INC., et al., Defendants, and ROBERT F. LUCA et al., Respondents.—In an action, inter alia, to set aside a fraudulent conveyance, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Lama, J.), dated February 5, 1988, which, inter alia, granted the motion of the defendants Robert F. Luca and Joan Ann Luca for summary judgment dismissing the complaint as against them, and (2) an order of the same court, dated June 21, 1988, which denied his motion in effect, for reargument.

Ordered that the order dated February 5, 1988 is affirmed; and it is further,

Ordered that the appeal from the order dated June 21, 1988, is dismissed; and it is further,

Ordered that the respondents are awarded one bill of costs.

On May 1, 1982, Robert and Joan Ann Luca entered into a contract to purchase a house in Commack, Long Island, from William and Diane Springsteen, at a purchase price of $75,000. The house, which was listed for sale at an asking price of $79,999, had been on the market for some time before it was shown to the Lucas, who had never previously met the Springsteens. A title report prepared in connection with the sale revealed that two judgments, totaling approximately $26,300, had been docketed against the property by the plaintiff James Reynolds. At closing on September 10, 1982, $30,000 of the sales proceeds were placed in escrow to satisfy these judgments. The Lucas' deed was recorded on September 24, 1982. The plaintiff initiated this action, inter alia, to set aside the conveyance in late May or early June 1984, claiming to have purchased the property at a Sheriff's execution sale for

$6,000 on August 25, 1982. It is undisputed that the plaintiff's deed to the subject property was never recorded. The Lucas thereafter moved for summary judgment dismissing the complaint as against them, contending that they had no actual or constructive notice of the Sheriff's sale, and that they had paid a valuable consideration for the property. The Supreme Court granted the Lucas' motion for summary judgment, and we affirm.

The State recording statute, Real Property Law § 291, provides that any conveyance of real property which is not recorded in the office of the clerk of the county where that property is situated, shall be void as against a subsequent purchaser who acquires the property in good faith and for valuable consideration (see, Real Property Law § 291). The statute was enacted to serve two purposes (see, Andy Assocs. v Bankers Trust Co., 49 NY2d 13, 20). First, it was intended "to protect the rights of innocent purchasers who acquire an interest in property without knowledge of prior encumbrances" (Andy Assocs. v Bankers Trust Co., supra, at 20). Second, it was designed to "establish a public record which would furnish potential purchasers with notice, or at least 'constructive notice', of previous conveyances and encumbrances that might affect their interests" (Andy Assocs. v Bankers Trust Co., supra, at 20). Contrary to the plaintiff's contentions, the recording statute governs his rights as a purchaser of the real property in question. Since he failed to demonstrate any evidentiary facts to support his conclusory allegations that the Lucas had actual or constructive knowledge of his prior unrecorded purchase, or that they failed to pay valuable consideration for the property, summary judgment was properly granted.

Further, since the plaintiff's subsequent motion denominated as one for renewal was based upon evidence available at the time of the original motion and he failed to offer any excuse for his failure to produce the evidence at that time, it was in fact a motion for reargument. Accordingly, the appeal from the order dated June 21, 1988, is dismissed as no appeal lies from an order denying reargument. Rubin, J. P., Sullivan, Harwood and Balletta, JJ., concur.