■ UNITED MATURA REALTY, INC., Appellant, v READE INDUSTRIES, INC., et al., Respondents.—In an action for recovery of a down payment made on a real estate contract and to foreclose the plaintiff's vendee's lien on the premises, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated March 17, 1988, as, upon reargument and upon vacating a prior order of the same court dated September 23, 1987, (1) denied the plaintiff's motion for summary judgment against the named defendants, (2) granted the cross motion for summary judgment of the defendants John Piticu, Jane Kerman and Jane & John Auto Repair Corp. and dismissed the complaint insofar as it is asserted against them, and (3) granted the cross motion for summary judgment of the defendant Theodore D. Hoffman to the extent of dismissing the first, third and fourth causes of action as against him.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which denied those branches of the plaintiff's motion which were for summary judgment against the defendants Reade Industries, Inc., John A. Reade, John Piticu, Jane Kerman, and Jane & John Auto Repair Corp., and substituting therefor a provision granting those branches of the motion and (2) deleting the provision thereof which granted the cross motion of John Piticu, Jane Kerman and Jane & John Auto Repair Corp. for summary judgment and substituting therefor a provision denying their cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants Reade Industries, Inc., John A. Reade, John Piticu, Jane Kerman, and Jane & John Auto Repair Corp., appearing separately and filing separate briefs.

The defendant Reade Industries, Inc. (hereinafter Reade), the owner of certain real property located in Queens County, initially entered into a contract to sell the premises to the plaintiff for $590,000. A down payment of $59,000 was tendered by the plaintiff and held in escrow by Reade's attorney, the defendant Theodore D. Hoffman. The contract of sale provided that the closing was to occur on September 1, 1986.

By letter dated November 17, 1986, the plaintiff sought to rescind the contract. By letter dated November 21, 1986, Reade stated that the plaintiff's request for rescission: "has been accepted and we will be in touch with you shortly in order to arrange for the execution of general releases, as well as the return of the down payment".

Thereafter, on December 15, 1986, Reade entered into a contract to sell the premises to the defendants John Piticu and Jane Kerman for the sum of $570,000. The conveyance to Piticu and Kerman was made on December 31, 1986. Also on that date, Piticu and Kerman transferred title to the property to their corporation, Jane & John Auto Repair Corp. On January 7, 1987, the plaintiff, which never received the return of its down payment, filed a notice of pendency against the property. The instant action was commenced to recover the down payment from Reade and to foreclose its vendee's lien.

At issue on appeal is the propriety of the Supreme Court's disposition of the parties' respective motions and cross motions for summary judgment. The sole issue with regard to the defendant Reade is whether the parties entered into an enforceable agreement to rescind their contract of sale. The correspondence between the parties conclusively establishes that such an agreement did exist and that Reade unconditionally promised to return the plaintiff's down payment. Accordingly, an award of summary judgment in favor of plaintiff is appropriate insofar as it sought to recover the $59,000 down payment from the defendant Reade.

We further find that the plaintiff is entitled to an award of summary judgment with respect to its claim against the defendants Piticu, Kerman and John & Jane Auto Repair Corp. The defendants Piticu and Kerman and their corporation sought to defeat the plaintiff's lien on the ground that they were bona fide purchasers for value and, therefore, entitled to the protections afforded by the New York Recording Act (Real Property Law § 290 et seq.). The Recording Act, however, protects only those subsequent purchasers who purchase "in good faith" (Real Property Law § 291). Subsequent purchasers who buy with notice or knowledge of a prior interest or equity take title subject to that prior interest (see, Da Silva v Musso, 153 AD2d 836; Wheeler v Standard Oil Co., 263 NY 34; H. G. Fabric Discount v Pomerantz, 130 AD2d 712).

In Berger v Polizzotto (148 AD2d 651), the defendant Polizzotto, the owner of record of certain real property in Richmond County, alleged that he was a bona fide purchaser for

value and, therefore, entitled to possession of the property against a claim by the plaintiffs for specific performance of a contract for sale of that property. On appeal, this court held that the defendant did enjoy the status of a bona fide purchaser for value since no evidence was presented that Polizzotto had notice of the plaintiffs' prior contract or of their rights thereunder. In the instant case, however, there is evidence that the defendants Piticu and Kerman expressly advised the defendant Reade that they were interested in purchasing the subject property but that "any deal * * * would be contingent upon cancellation of the prior contract and the return of any downpayment to the [plaintiff] contract vendee". There is also evidence that the defendants Piticu and Kerman utilized a title report prepared by Cooke Abstract Corp. which gave notice of the plaintiff's prior contractual rights with respect to the subject property.

In view of the fact that Piticu and Kerman had actual knowledge of the plaintiff's interest and since actual knowledge of a defect in title " 'impeaches the good faith of the subsequent purchaser' " (Peloke v Scheid, 135 Misc 2d 606, 609), they may not rely upon the Recording Act to defeat the plaintiff's vendee's lien.

We have examined the plaintiff's remaining contentions and find them to be without merit. Mangano, J. P., Lawrence, Kunzeman and Eiber, JJ., concur.