■ STANDARD CHARTERED BANK, Respondent, v MAX KITTAY et al., Appellants. [628 NYS2d 307] —In an action pursuant to Debtor and Creditor Law article 10 to set aside a transfer of real property, the defendants appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated March 31, 1993, as granted those branches of the plaintiff's motion which were for summary judgment on its third and fourth causes of action, and denied their cross motion for summary judgment dismissing the third, fourth, fifth, and sixth causes of action, and (2) from a judgment of the same court, dated June 7, 1993, which is in favor of the plaintiff and against them setting aside the transfer as fraudulent.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the provisions of the order dated March 31, 1993, which granted those branches of the plaintiff's motion which were for summary judgment on its third and fourth causes of action are vacated and those branches of the motion are denied, the provision of the order which denied that branch of the defendants' cross motion which was for summary judgment dismissing the fourth cause of action is vacated and that branch of the cross motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff's claim is based upon loan guaranties which were executed subsequent to the real property transfer in question. Debtor and Creditor Law § 273 makes no provision for those who become creditors subsequent to a fraudulent transfer (see, New Rochelle Trust Co. v Grab, 245 App Div 837; see also, Planned Consumer Mktg. v Coats & Clark, 71 NY2d 442, 450; cf., Julien J. Studley, Inc. v Lefrak, 66 AD2d 208, 213-214, affd 48 NY2d 954; Allen v Mattison, 14 NYS2d 711, 714). Thus, the court improperly granted summary judgment in favor of the plaintiff on its third and fourth causes of action, and it should have granted the branch of the defendants' motion which was to dismiss the fourth cause of action since it was based upon Debtor and Creditor Law § 273.

However, there is a triable issue of fact concerning the transferor's actual intent or belief, in connection with the third, fifth, and sixth causes of action, which are based upon Debtor and Creditor Law §§ 276, 275, and 276-a, respectively (see, e.g., Zuckerman v City of New York, 49 NY2d 557, 562).

In light of our determination, we do not reach the parties' remaining contentions. Bracken, J. P., Joy, Friedmann and Florio, JJ., concur.