■ James Reynolds, Appellant, v Kadanoff and Haussman, P. C., et al., Respondents. [630 NYS2d 388] —In an action to recover damages for legal malpractice, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered October 20, 1993, which dismissed the complaint prior to presentment of the evidence.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is reinstated.

The plaintiff purchased real property owned by his judgment debtor at a Sheriff's execution sale in August 1982. The defendant attorneys represented the plaintiff in the action to recover the debt, issued a property execution to the Sheriff, and attended the Sheriff's sale with the plaintiff. However, the Sheriff's deed conveying the property to the plaintiff was never recorded. The judgment debtor subsequently sold the property to third parties, whose deed was recorded in September 1982. At the closing, some of the sale proceeds were placed in escrow by the title company to satisfy the plaintiff's money judgment.

The plaintiff commenced the instant legal malpractice action against the defendants, contending, *inter alia,* that they were negligent in failing to promptly record the Sheriff's deed. He sought damages based on the value of the property. The plaintiff also commenced a fraudulent conveyance action against the judgment debtor and third-party purchasers, which was dismissed in 1988 *(see, Reynolds v Springer Serv. Sta.,* 151 AD2d 466). After the action was dismissed, the plaintiff received the funds which had been held in escrow to satisfy the money judgment.

In August 1993, the court dismissed the instant action based on the parties' statements placed on the record before the presentment of evidence. We conclude that this was error, as the allegations in the complaint, which must be accepted as true for this purpose, were sufficient to state a cause of action *(see generally, De Vito v Katsch,* 157 AD2d 413). We agree with the plaintiff's contention that he may seek to recover damages based on the value of the real property which he allegedly lost due to the defendants' negligence, and that his receipt of the funds from the title company merely mitigated his damages. Miller, J. P., O'Brien, Ritter and Goldstein, JJ., concur.