■ YEN-TE HSUEH CHEN, Respondent, v GERANIUM DEVELOPMENT CORP. et al., Defendants, and FANDY CORP. et al., Proposed Intervenors-Appellants. [663 NYS2d 288] —In an action, *inter alia,* to foreclose a contract-vendee's lien on real property, the proposed intervenors Fandy Corp. and Long Island Savings Bank appeal from (1) an order of the Supreme Court, Queens County (Polizzi, J.), dated September 27, 1996, which, after a hearing, granted the plaintiff's motion for reargument, and, upon reargument, *inter alia,* denied the appellants' motion insofar as they sought to intervene and to vacate a judgment of foreclosure and sale of the same court dated June 22, 1995, and (2) an order of the same court dated February 21, 1997, which denied their motion denominated as one for reargument and renewal but which was, in effect, one for reargument of the prior motion.

Ordered that the appeal from the order dated February 21, 1997, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 27, 1996, is affirmed, and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff contracted with the defendant Geranium Development Corp. (hereinafter Geranium Development) to purchase certain commercial parcels located in Queens, New York. The plaintiff did not record the contracts. After a dispute arose concerning the contracts and the return of the plaintiff's down payments, the plaintiff commenced this action, *inter alia,* to foreclose a contract-vendee's lien. By judgment of foreclosure and sale dated June 22, 1995, the court held in favor of the plaintiff and ordered the subject parcels sold at public auction.

Upon learning of the impending sale, the proposed intervenors Fandy Corp. (hereinafter Fandy) and Long Island Savings Bank (hereinafter LISB) moved for an order, *inter alia,* granting leave to intervene and vacating the plaintiff's judgment of foreclosure and sale. Fandy had obtained title to the subject parcels from Geranium Development by deeds dated October 25, 1989, prior to the recordation of any interest in the parcels by the plaintiff. The appellants argued, *inter alia,* that, as good

faith purchasers for value, they had an interest in the parcels that is superior to that of the plaintiff. The Supreme Court denied their motion, *inter alia,* to vacate the judgment of foreclosure and sale, and we affirm.

The New York Recording Act (Real Property Law § 290 *et seq.), inter alia,* protects a good faith purchaser for value from an unrecorded interest in a property, provided such a purchaser's interest is first to be duly recorded (*see, e.g.,* Real Property Law §§ 291, 294). The status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such (*see, Barrett v Littles,* 201 AD2d 444; *United Matura Realty v Reade Indus.,* 155 AD2d 660; *Morrocoy Marina v Altengarten,* 120 AD2d 500; *Vitale v Pinto,* 118 AD2d 774).

Here, the appellants do not dispute that they had actual knowledge of the prior contracts between Geranium Development and the plaintiff for the sale of the subject parcels. Indeed, the appellants' contract of sale with Geranium Development was expressly conditioned upon the cancellation of such contracts. However, despite this knowledge, the appellants merely accepted, without any proof or inquiry, independent or otherwise, a bare representation prior to their closing that the contracts had been cancelled. Thus, regardless of any issue as to recordation, the Supreme Court did not err in finding that the appellants had not met their burden of proving that they were good faith purchasers for value, and in denying their motion to set aside the plaintiff's judgment of foreclosure (*see, United Matura Realty v Reade Indus., supra).* Rosenblatt, J. P., Ritter, Krausman and Florio, JJ., concur.