■ JAMES REYNOLDS, Respondent, v KADANOFF & HAUSS-MAN, P. C., et al., Appellants, et al., Defendants. [670 NYS2d 506] —In an action to recover damages for legal malpractice, the defendants Kadanoff & Haussman, P. C., and Arthur J. Haussman appeal from a judgment of the Supreme Court, Suffolk County (Berler, J.), entered June 3, 1996, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $54,750.96.

Ordered that the judgment is affirmed, with costs.

The facts underlying this action were presented in a prior appeal (*see, Reynolds v Kadanoff & Haussman,* 218 AD2d 732). The plaintiff purchased certain real property at a sheriff's exe-

cution sale in August 1982, which was held to enforce the plaintiff's money judgment against the owner of the property. However, the sheriff's deed conveying the property to the plaintiff was never recorded. After the sale, the judgment debtor sold the property to third parties, who recorded their deed in September 1982. In an action brought by the plaintiff to set aside that conveyance, the third parties were determined to be bona fide purchasers for value (*see, Reynolds v Springer Serv. Sta.*, 151 AD2d 466). The plaintiff commenced the instant action against his former attorneys alleging, *inter alia*, that they were negligent in failing to record the deed. The jury found in favor of the plaintiff and awarded him damages based on the value of the property.

The appellants contend that the verdict should be set aside because the plaintiff suffered no compensable damages as a matter of law. They claim that the sheriff's sale in question was held in violation of a court-ordered stay of enforcement of the plaintiff's judgment, which had been obtained by the plaintiff's judgment debtor, and that therefore the plaintiff was not entitled to the property in the first instance.

The appellants' contention is without merit. The stay of enforcement of proceedings to enforce the plaintiff's judgment to which they refer was contained in an ex parte order to show cause brought by the judgment debtor, and it expired by its own terms on the return date of the judgment debtor's motion, i.e., July 20, 1982, prior to the sheriff's sale (*see, e.g., T.W. Dress Corp. v Kaufman*, 143 AD2d 900; *see generally*, Siegel, NY Prac §§ 246-248, at 369-375 [2d ed]). It is undisputed that no one representing the judgment debtor appeared on the return date of the motion, nor is there any proof in the record that the court granted an extension of the stay on that date. Accordingly, the appellants failed to establish that the plaintiff purchased the property in violation of a stay. As the appellants assert no other grounds for setting aside the verdict, the judgment is affirmed. O'Brien, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.