■ 432 BROOME ST., L. L. C., Appellant, v EILEEN BULLEN et al., Respondents. (And a Third-Party Action.) [704 NYS2d 256] —Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered March 12, 1999, which, after a nonjury trial in an action for, *inter alia*, declaratory relief, adjudged in defendants' favor that they are entitled to a 77.78% interest in the subject property, and otherwise dismissed the complaint, unanimously affirmed, without costs.

The owners'.1943 Agreement provided that the proceeds from the sale of the subject real property "at some future date" were to be distributed in proportion to the owners' respective investments in the property, namely a 77.78% investment by Michael Kelly and a 22.22% investment by John McGuiness. We conclude, as did the trial court, that the Agreement remains in force and is unaffected by the parties' conduct in having evenly divided the income from the property since its inception. Although plaintiff purchased a purported 50% interest in the property from the estate of John McGuiness's widow, it made that purchase with actual knowledge of a defect in its title and, accordingly, cannot tenably claim, in defense of its title, to have been a good faith purchaser for value (*see, United Matura Realty v Reade Indus.*, 155 AD2d 660, *lv dismissed* 75 NY2d 1005, 76 NY2d 889).

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Nardelli, J. P., Tom, Mazzarelli, Andrias and Buckley, JJ.