■ STEPHEN H. SEROTA et al., Appellants, v POWER HOUSE REALTY CORP. et al., Respondents, et al., Defendants. [711 NYS2d 778] —In an action, *inter alia,* to set aside a fraudulent conveyance, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated December 16, 1998, as granted the cross motion of the defendants Power House Realty Corp. and Michael Feldman for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, with costs, and the cross motion is denied.

"Under well-established common-law principles, a purchaser of real property is bound by the consequences of a lawsuit of which he has actual knowledge" (*Da Silva v Musso,* 76 NY2d 436, 439). In cross-moving for summary judgment, the respondents failed to meet their burden of establishing, in the first instance, that they were bona fide purchasers for value who acquired title to the property without actual knowledge of the plaintiffs' pending action for specific performance (*see, Yen-Te Hsueh Chen v Geranium Dev. Corp.,* 243 AD2d 708; *United Matura Realty v Reade Indus.,* 155 AD2d 660).

The respondents also failed to address the plaintiffs' claim to set aside the conveyance pursuant to Debtor and Creditor Law § 273, which provides that every conveyance made by a person who "will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration". The determination of insolvency and what constitutes fair consideration are generally questions of fact (*see, Epstein v Nieves,* 258 AD2d 436). Considering the circumstances of this case, it would be premature to resolve these issues in the respondents' favor as a matter of law at this early stage of the litigation. Joy, J. P., Thompson, Krausman and Goldstein, JJ., concur.