In re Mario **RODRIGUEZ**, Debtor.

No. 00–CV–2183 (ADS).

United States District Court, E.D. New York.

March 22, 2001.

Pryor & Mandelup, LLP, Westbury, N.Y., by Anthony F. Giuliano, of counsel, for Appellant/Creditor Robert L. Pryor as Chapter 7 Trustee.

Howard J. Wunderlich, Lake Grove, N.Y., for Appellees Douglas and Ann Hassell.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is an appeal from a March 10, 2000 order of United States Bankruptcy Judge Dorothy Eisenberg, denying summary judgment to Appellant Robert Pryor, the Chapter 7 Trustee, and granting summary judgment to Appellees Douglas and Ann Hassell ("the Hassells") on the Trustee's claim seeking to void a lien on real property owned by the Debtor.

The underlying facts are not in dispute. In 1997, the Hassells were owners of two lots of real property located at 151 and 155 Sequams Lane West, West Islip, N.Y. The parcel located at 151 Sequams Lane was denoted on county tax maps as "Tax Lot 5," while 155 Sequams Lane, in which the Hassells resided, was denoted as "Tax Lot 4." On August 22, 1997, the Hassells completed a sale of 151 Sequams Lane to the Mario Rodriguez, the Debtor, subject to a mortgage to be held by the Hassells. At the closing, both the deed and the mortgage were given to the title insurer for recording, but the title insurer failed to record the deed and mortgage until June 15, 1998. In the meantime, on May 28, 1998, the debtor filed a chapter 11 petition for bankruptcy, which was subsequently converted to a Chapter 7 case.

On August 27, 1999, the Trustee commenced an adversary proceeding against, among others, the Hassells, seeking to void the Hassells' lien arising from the mortgage on the grounds that the Trustee has the status of a *bona fide* purchaser on the date of the bankruptcy petition, and the Hassells' failure to record their mortgage resulted in a lack of notice to the Trustee of the mortgage. Following joinder of issue, the parties cross-moved for summary judgment. Following oral argument before Judge Eisenberg on February 16, 2000, the court granted summary judgment to the Hassells, finding that under the facts presented, a reasonable inquiry into the status of the property would have revealed the Hassells' mortgage. Judge Eisenberg's oral ruling was reduced to a written order dated March 10, 2000, to which the Trustee filed this appeal.

At oral argument, an additional issue about the conveyance from the Hassells to the Debtor was raised: a reasonable set of

scrivener's errors in the transaction. Although both sides agree that the Hassells intended to convey 151 Sequams Lane to the Debtor, the deed incorrectly refers to the parcel being conveyed by the metes and bounds description of Tax Lot 4—that is, 155 Sequams Lane—but also describes the property as "151 Sequams Lane." In addition, the mortgage retained by the Hassells incorrectly describes the property subject to the mortgage by the metes and bounds description of 155 Sequams Lane. Neither of these errors were discovered prior to the post-petition recording of the deed and mortgage. Although the Trustee did point to the errors in the deed and mortgage in support of his claim at oral argument, Judge Eisenberg held that "it would be equitable to reform both the deed and the mortgage...Nobody disputes that the intent was to give—sell 151 and take a mortgage on 151, and I think that's what we should have here." The Trustee does not appear to argue on this appeal that Judge Eisenberg's decision to reform the deed and mortgage was error.

■ A district court hearing an appeal from a bankruptcy court reviews that court's findings of fact under the "clearly erroneous" standard, see Fed. R. Bankr. 8013, while its conclusions of law are reviewed *de novo*. *See In re AroChem Corp.*, 176 F.3d 610, 620 (2d Cir.1999); *In re Bennett Funding Group, Inc.*, 146 F.3d 136, 138 (2d Cir.1998); *See* also *In re Porges*, 44 F.3d 159, 162 (2d Cir.1995).

■ The sole issue on this appeal is whether, under these facts, the Trustee can be charged with inquiry notice of the Hassells' mortgage on the property at the time of the filing of the bankruptcy petition. According to the provisions of 11 U.S.C. § 544(a)(3), "the trustee shall have, as of the commencement of the case ... the rights and powers of ... a bona fide purchaser of real property ... from the debtor." The rights of a bona fide purchaser are established by state law. *McKenzie v. Irving Trust Co.*, 323 U.S. 365, 371, 65 S.Ct. 405, 408, 89 L.Ed. 305 (1945). New York Real Property Law § 291 states that "[e]very [conveyance of real property] not so recorded is void as against any person who subsequently purchases ... the same real property ... in good faith and for a valuable consideration." However, a purchaser with either notice of an unrecorded prior interest in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such an interest may not avail himself of the benefit of Section 291. *Chen v. Geranium Development Corp.*, 243 A.D.2d 708, 709, 663 N.Y.S.2d 288, 290 (2d Dept.1997); *Reynolds v. Springer Service Station, Inc.*, 151 A.D.2d 466, 467, 542 N.Y.S.2d 256, 257 (2d Dept.1989).

■ The issue, then, is whether the circumstances of this case were sufficient to place a reasonable purchaser on notice of the Hassells' mortgage. The Trustee argues that it had no reason to inquire into a possible claim to the property because "[t]here was no evidence of a mortgage in the record and the Debtor was in actual possession of the premises." However, these facts omit an important detail: because the deed was also unrecorded, nothing in the county records at the time of the petition would have indicated that the Debtor had title to the property. A title search of the property at the time would have revealed that title rested in the Hassells, not the Debtor. A reasonable purchaser, faced with title and possession apparently resting in two different people, would certainly investigate the matter further, rather than simply assume that the possessor of the property held an unrecorded and unencumbered title. *Tompkins County Trust Co. v. Talandis*, 261

A.D.2d 808, 810, 690 N.Y.S.2d 330, 333 (3d Dept.1999) (purchaser has duty to examine where person in open and notorious possession of the property is inconsistent with the title of the owner of record); *Vitale v. Pinto*, 118 A.D.2d 774, 776, 500 N.Y.S.2d 283, 285 (2d Dept.1986) (mortgagee who was aware of tenant in possession had duty to inquire into tenant's interest in the property); *Mazza v. Realty Quest Brokerage Corp.*, 185 Misc.2d 162, 168, 712 N.Y.S.2d 288, 293 (N.Y.City.Civ.Ct.2000).

The Trustee also argues that, even if he had a duty to investigate further, his investigation would never have revealed the unrecorded mortgage on the property. However, the Trustee is again thwarted by the fact that both the mortgage *and* the deed went unrecorded until after the filing of the petition. Thus, no matter how much investigation had been done at the Suffolk County Clerk's office, the Trustee would never have been able to reconcile the Debtor's possession with the clear indication in the record that the Hassells were the owners of the property. The only reasonable way of resolving the disparity would be to inquire of the Debtor, the Hassells, or both, of the nature of the Debtor's interest in the property. Had the Trustee spoken to the Hassells, the record owners of the property, they certainly would have informed him of their mortgage lien on the property.

While it is conceivable that the Debtor might simply claim ownership, but not disclose the mortgage, the Trustee would still be in a position where the Debtor's possession was inconsistent with the recorded title of the property. In this circumstance, a reasonable purchaser would request to see the Debtor's deed to the title. The record in this case is undisputed that, following the closing of the sale by the Hassells to the Debtor, the original title documents, including the deed and the mortgage, were given to the title insurance company for filing. The inability of the person purporting to own the property to produce an original deed would require a reasonable buyer to look further into the nature of the putative owner's claim. *In re TMH Corp.*, 62 B.R. 932 (Bankr. S.D.N.Y.1986) ("as TMH possesses neither the original Lease nor an original of the lease assignment instrument through which it claims to have obtained its right to possession of the subject premises, the purchaser must engage in the next level of inquiry"). Therefore, when the Debtor would have been unable to produce title documents to corroborate his claim of ownership, a reasonable person would then inquire of the owners of record, the Hassells, and no doubt discover the existing mortgage.

The cases relied upon by the Trustee do not alter this conclusion. The Trustee cites to *TMH Corp.* without acknowledging that, like the debtor in that case, the Debtor here would not have been able to produce the original title documents to satisfy the initial inquiry. 62 B.R. at 935–36, *compare In re Hardway Restaurant, Inc.*, 31 B.R. 322, 326 (Bankr.S.D.N.Y.1983), *and In re Kennedy Assoc's.*, 221 B.R. 704, 714 (Bankr.S.D.N.Y.1998) (debtor-in-possession's ability to produce original documents establishing interest in the property sufficient to satisfy any inquiry). The Trustee does not dispute that the original documents establishing title were not in the Debtor's possession at the time of the filing of the bankruptcy petition and thus, the inquiry to the next link in the chain of title was not only warranted, but required. 62 B.R. at 936 ("[t]hat inquiry is most naturally and logically directed at TMH's assignor, the Defendants, in order to verify the genuineness of TMH's interest in the premises").

While the Trustee does not directly appeal Judge Eisenberg's finding that the deed and mortgage should be reformed to reflect that they actually apply to 151 Sequams Lane, much of the Trustee's argument here is premised on the fact that nothing in the mortgage would have provided notice that it applied to the property held by the Debtor. Nevertheless, even assuming that reformation had not been granted by Judge Eisenberg, the result in this case would be the same. Because the status of the Trustee is determined as of the date of the bankruptcy petition, 11 U.S.C. § 544(a) ("the trustee shall have, *as of the commencement of the case* ...") (emphasis added), the actual contents of the unrecorded documents are largely irrelevant to the issue of notice. Again, no matter how thoroughly the Trustee might have scoured the property records, neither the unrecorded deed reflecting the conveyance to the Debtor nor the unrecorded mortgage encumbering it would have been discovered. Regardless of whether the property was correctly described in the deed and mortgage, the lack of recording of those documents would have compelled the Trustee to the doorstep of the Hassells, where he would have been told that the Debtor's title to 151 Sequams Lane was encumbered by a mortgage.

While an argument can be made that, prior to reformation, the mortgage did not encumber 151 Sequams Lane whatsoever, and that therefore, the Hassells were not creditors of the Debtor, the Trustee does not presently pursue that argument. The sole argument pressed by the Trustee on appeal is that, pursuant to the provisions of 11 U.S.C. § 544(a)(3), it takes the property as a *bona fide* purchaser who lacked notice of the presumably valid Hassell mortgage.

Because the Court agrees with Judge Eisenberg that, as a matter of law, the Trustee would have discovered the existence of the Hassells' mortgage upon reasonable inquiry into the title of the Debtor's property, the decision of the bankruptcy court granting summary judgment to the Hassells is AFFIRMED. The Clerk of the Court is directed to close this case.

**SO ORDERED**