*828 OPINION OF THE COURT
Thomas F. Whelan, J.
Ordered that this motion (No. 001) by the plaintiff for the entry of a default judgment on its complaint seeking a declaration that it owns a certain mortgage, that defendants’ rights and interests under the mortgage, if any, are subordinate to those of the plaintiff and for an order and judgment directing the County Clerk to record a copy of said mortgage, nunc pro tunc, as of May 8, 2006, is considered under CPLR 3215 and RPAPL article 15 and is granted to the extent set forth below.
The plaintiff commenced this action pursuant to RPAPL article 15 for a judgment declaring the rights, interests and priorities of the parties to this action in a parcel of real property known as 154 Oak Street, Patchogue, New York. More particularly, the plaintiff asks the court to declare that the plaintiff is the owner of a May 8, 2006 mortgage encumbering the subject premises that was given by defendants Perry and Grullon to secure a $396,000 mortgage loan advanced to them on that date by defendant, Global Home Loans & Finance, Inc. The plaintiff further demands a judgment declaring that the rights and/or claims of the defendants are subject and subordinate to the rights of the plaintiff under the subject mortgage. The plaintiff also demands an order and judgment directing the Clerk of Suffolk County to record a copy of the subject mortgage and index it against the subject premises, nunc pro tunc, as of the date of May 8, 2006.
Underlying the plaintiffs demands for this relief are allegations that the plaintiff acquired ownership of the subject mortgage by a May 8, 2006 allonge indorsement. Specifically, it is alleged that on May 8, 2006 Global (the original lender and mortgagee) indorsed the note by allonge to Option One Mortgage Corporation, who on the same date, indorsed the note by allonge to plaintiff.[1] The plaintiff further alleges the original mortgage was entrusted to an entity known as Easy Close, for recording purposes after the May 8, 2006 closing of the loan. However, the subject mortgage was not recorded any time after said closing and is presumed lost as the closing agent, Easy Close, could not be located by the plaintiff.
*829 By the instant motion, the plaintiff seeks a default judgment on its complaint. Review of the moving papers reveals that the same sufficiently established the plaintiffs service of the summons and complaint upon the defendants,[2] their default in answering or otherwise appearing in response thereto, and that the plaintiff has cognizable claims for relief against the defendants named and joined herein as party defendants (see CPLR 3215; Zino v Joab Taxi, Inc., 20 AD3d 521 [2d Dept 2005]). The aforementioned allonge indorsement from Option One provides the plaintiff with a sufficient claim of ownership of the subject mortgage against the named defendants to this action. The plaintiffs reliance on such allonge indorsement to establish its ownership of the subject mortgage is supported by case authorities which have held that an indorsement of a mortgage note that constitutes a negotiable instrument effectively transfers any mortgage given as security for said note as an incident thereof (see Mortgage Elec. Registration Sys., Inc. v Coakley, 41 AD3d 674 [2d Dept 2007] [and cases cited therein]).
The plaintiff is, therefore, entitled to a default judgment on its pleaded claims for declaratory relief against the named defendants. The court thus declares that the plaintiff is the holder of the May 8, 2006 mortgage given by defendants Perry and Grullon to defendant Global and that the plaintiff has a valid and substituting mortgage lien in the principal amount of $396,000 which encumbers 154 Oak Street, Patchogue, New York. Further, the court declares that any rights or claims of the defendants in or to 154 Oak Street, Patchogue, New York are subject and subordinate to the rights of the plaintiff, as the holder of the subject mortgage, and the lien attendant thereto, and that the named defendants are forever barred from claiming rights inconsistent with those of the plaintiffs as declared herein.
The court, however, denies those portions of the instant motion wherein the plaintiff demands a judgment on its claims for an order and judgment directing the Clerk of Suffolk County to file a copy of the subject mortgage, nunc pro tunc, as of May 8, *830 2006.[3] The court finds that the moving papers failed to establish that the plaintiff has cognizable claims for such relief as is required by CPLR 3215 (f). Indeed, it appears to this court that the granting of such relief would violate both the spirit and the letter of this state’s recording acts which provide protection against prior unrecorded conveyances and priorities to bona fide purchasers or encumbrancers for value who record their conveyances or encumbrances first, and to the public at large (see Real Property Law § 291; Andy Assoc. v Bankers Trust Co., 49 NY2d 13 [1979]; Transland Assets, Inc. v Davis, 29 AD3d 679 [2d Dept 2006]; Jenkins-Watson v Golabi Holdings, LLC, 26 AD3d 467 [2d Dept 2006]; Rivas v McDonnell, 308 AD2d 572 [2d Dept 2003]).
The court declines the plaintiffs invitation to accelerate the priority of its mortgage lien by judicially directing its recording nunc pro tunc to May 8, 2006, the date on which the mortgage was executed but not recorded. To do so, would adversely affect the rights and extinguish the priorities afforded to bona fide purchasers and encumbrancers for value who recorded conveyances and encumbrances on or after May 8, 2006, none of whom have been jurisdictionally joined as party defendants to this action by the service of process. The priority of the plaintiffs judicially declared mortgage lien is thus limited to those priorities provided under our race-notice recording statutes (see Real Property Law § 290 et seq.). The rights and interests of the plaintiff in the subject premises are enhanced only by the constructive notice subsequent purchasers and encumbrancers are charged with as of February 14, 2008, the date on which the plaintiff filed a notice of pendency and commenced this action (see CPLR art 65; Matter of Sakow, 97 NY2d 436 [2002]; 2386 Crestón Ave. Realty, LLC v M-P-M Mgt. Corp., 58 AD3d 158 [1st Dept 2008]; Avila v Arsada Corp., 34 AD3d 609 [2d Dept 2006]).
In this regard, the court notes that no statutory or case authorities were advanced by the plaintiff in an effort to support its demands for the extraordinary relief that would be conferred by a judicially directed recording of a copy of a lost or otherwise missing original mortgage indenture, nunc pro tunc, to the date of its inception. The creation of a new judicial remedy, in favor of those whose original deeds or lien indentures were not recorded due to loss, destruction or negligent acts on the part of the owner’s agent to whom possession of the original *831 deed or encumbrance indenture was entrusted, is clearly repugnant to the statutory rights of bona fide purchasers for value who record their interests first and to those members of the public at large who are potentially interested in acquiring an interest in the premises which may be affected by prior recorded conveyances and encumbrances (see Real Property Law § 290 et seq.; Reynolds v Springer Serv. Sta., 151 AD2d 466 [2d Dept 1989]).
Accordingly, those portions of the instant motion wherein the plaintiff demands an order and judgment directing the Clerk of Suffolk County to file and index a copy of the May 8, 2006 mortgage, nunc pro tunc, to such date, is denied and plaintiffs claims for such relief are dismissed. The plaintiffs alternative demand for an order directing that the judgment to be entered hereon be recorded in the Office of the Suffolk County Clerk together with a copy of the subject mortgage is granted.
Submit judgment, upon a copy of this order, which includes tax map designation numbers as part of the description of the subject premises and a copy of the subject mortgage.

. The record reflects that the plaintiff originally claimed ownership of the subject mortgage by a January 28, 2008 assignment from Option One, who allegedly acquired ownership thereof by a prior assignment from Global. The plaintiff abandoned this claim upon its discovery that its assignment from Option One predated the assignment by Global to Option One by 10 days.

. The plaintiff joined Mortgage Electronic Registration Systems, Inc. and Global Home Loans & Finance, Inc. as party defendants so as to extinguish any claims, rights or interests they may possess as the owners and/or holders of two prior mortgages dated December 15, 2005 and recorded in the Office of the Suffolk County Clerk on January 6, 2006, both of which are alleged to have been satisfied by the $396,000 mortgage loan, closed on May 8, 2006, which is the subject of this action.

. The court notes parenthetically that the County Clerk was neither named nor jurisdictionally joined as a party defendant to this action.