OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is modified by providing that the cross motion by defendant Menawatie Dallu is granted to the extent of awarding her partial summary judgment dismissing so much of the fourth cause of action as seeks to recover under Debtor and Creditor Law § 273; as so modified, the order, insofar as appealed from, is affirmed, without costs.
Plaintiff, a limited liability company engaged in the business of providing nursing home care services, brought this action to recover the sum of $9,045 for services rendered to defendant Sugrim Dallu (Sugrim), who had resided at plaintiff’s facility from July 21, 2005 through September 1, 2005. In addition to alleging causes of action against Sugrim and defendant Kasturee Dallu, Sugrim’s wife, for services rendered and unjust enrichment, plaintiffs complaint alleged, as a fourth cause of action against defendant Menawatie Dallu (Menawatie), Sugrim’s daughter, that, on June 14, 2005, approximately five weeks before Sugrim’s admission to plaintiff’s facility, Sugrim had conveyed his entire interest in real property to her without consideration, which transfer left him insolvent and unable to pay his debts, including plaintiffs claim, and that said conveyance was void under the Debtor and Creditor Law.
Plaintiff moved to strike defendants’ answer for failure to provide adequate responses to its discovery demands, and Menawatie cross-moved for summary judgment dismissing the fourth cause of action, asserting that she was entitled to dismissal of the fourth cause of action because the property transfer occurred prior to her father’s admission into plaintiffs facility and there was therefore no debt in existence at the time of the transfer. In support of her cross motion, Menawatie submitted a *30 copy of a deed dated June 14, 2005, wherein she and her father, as grantors, conveyed title to the property in question to herself and her brother Damendra, as grantees. The Civil Court, insofar as is relevant to this appeal, denied the cross motion, finding that Menawatie had failed to tender sufficient evidence to warrant judgment in her favor on said cause of action.
The allegations of plaintiffs fourth cause of action may be read as alleging that the transfer of real property constituted a fraudulent transfer under article 10 of the Debtor and Creditor Law. Indeed, in its opposition papers, plaintiff asserted that it was seeking relief under Debtor and Creditor Law § 273, which provides that “[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration,” as well as under Debtor and Creditor Law § 275, which provides that “[e]very conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors.” As Debtof and Creditor Law § 273 makes no provision for those who become creditors after the alleged fraudulent transfer (see Standard Chartered Bank v Kittay, 215 AD2d 645 [1995]; New Rochelle Trust Co. v Grab, 245 App Div 837 [1935]), the Civil Court should have granted Menawatie partial summary judgment dismissing so much of the fourth cause of action as seeks to recover under that section (see CPLR 3212 [e]). However, the mere assertion that the property transfer occurred approximately one month prior to her father’s admission into plaintiffs facility, without more, did not entitle Menawatie to summary judgment dismissing so much of the fourth cause of action as seeks to recover under Debtor and Creditor Law § 275. Among other things, Menawatie’s motion papers failed to demonstrate that there was “fair consideration” for the transfer. The determination of what constitutes “fair consideration” is generally a question of fact to be determined under the circumstances of the particular case (see Serota v Power House Realty Corp., 274 AD2d 427 [2000]; Epstein v Nieves, 258 AD2d 436 [1999]).
Accordingly, the order, insofar as appealed from, is modified by providing that the cross motion by defendant Menawatie Ballu is granted to the extent of awarding her partial summary *31 judgment dismissing so much of the fourth cause of action as seeks to recover under Debtor and Creditor Law § 273.
Pesce, EJ., Golia and Steinhardt, JJ., concur.