**HSBC Bank, USA, N.A. v Islam**

2024 NY Slip Op 30570(U)

February 20, 2024

Supreme Court, Kings County

Docket Number: Index No. 26142/2007

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of the
Supreme Court of the State of
New York, held in and for the
County of Kings, at the
Courthouse, at Civic Center,
Brooklyn, New York, on the 20th
day of February 2024

HONORABLE FRANCOIS A. RIVERA

------------------------------------------------------------------------X
HSBC Bank, USA, National Association as Trustee
for Nomura Asset Acceptance Corporation, Mortgage
Pass-Through Certificates, Series 2006-AP1,

                          Plaintiff

          - against -

Tahajul Islam, Mortgage Electronic Registration
Systems, Inc. as nominee for Fairmont Funding, LTD,
New York City Environmental Control Board,
New York City Transit Adjudication Bureau,
People of the State of New York, Liza Lewis,
Richard Chase, Unlimited Assets Inc.,
New York State Department of Finance,
Criminal Court of the City of New York,
New York City Parking Violations Bureau,
Department of Housing Preservation
and Development,

                          Defendants.
-------------------------------------------------------------X

**DECISION AND ORDER**
Index No. 26142/2007

The following is the decision and order after a non-jury trial in the above captioned

matter.

[* 1]

## THE PARTIES

Plaintiff HSBC Bank, USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2006-AP1 (hereinafter HSBC) is the note holder (the subject note) and mortgagee of the mortgage (hereinafter the subject mortgage) that is the subject of the instant mortgage foreclosure action. The subject mortgage secured an indebtedness of $500,000.00 encumbering a certain real property known as 722 News Lots Avenue, Brooklyn, New York (hereinafter the subject premises). On September 7, 2005, Tahajul Islam (hereinafter Islam) executed a note in favor of Fairmont Funding Ltd. to secure the $500,000.00 loan. The mortgage was recorded on October 19, 2005. Defendant Unlimited Assets Inc. (hereinafter UAI) is the current owner the subject premises.

## BACKGROUND

On July 17, 2007, HSBC commenced the instant action to foreclose the subject mortgage and to reform said mortgage by filing a summons, complaint and notice of pendency with the Kings County Clerk's office (KCCO). The foreclosure action was asserted against Islam, among others.

UAI was not a party in the action when it was commenced in 2007, having no interest in the premises when the action was commenced. By deed dated May 16, 2014, and filed with the Department of Finance Office of the City Register on May 29, 2014, Islam conveyed the premises to UAI. At the time of the conveyance, the instant action was pending, and a default judgment had been entered against defendant Islam.

[* 2]

On January 3, 2008, HSBC filed a motion for a default judgment and order of reference. The motion was granted by order dated January 10, 2008, and entered on January 14, 2008. On February 23, 2009, HSBC filed a motion for judgment of foreclosure and sale. On May 25, 2010, HSBC withdrew the motion.

On January 27, 2017, HSBC filed a motion to vacate the prior order of reference, for a default judgment against the non-appearing parties, and for a new order of reference.

On October 10, 2017, Defendant filed a motion for leave to intervene in plaintiff's action, which was returnable October 31, 2017.

On April 23, 2018, HSBC and UAI executed a stipulation in which UAI agreed to withdraw its motion for leave to intervene, and HSBC agreed to file a motion to amend the caption to include UAI.

On June 27, 2018, the Court granted HSBC's motion to vacate the prior order of reference, for a default judgment against the non-appearing parties and for a new order of reference, to the following extent. The order of reference dated January 14, 2008 was vacated and HSBC was granted a default judgment against all non-appearing parties and the caption was amended to the extent that the "John Does" were excised.

On August 1, 2018, HSBC, moved for an order granting leave to serve a supplemental summons and amended complaint pursuant to CPLR § 3025(b) and to amend the pleadings. UAI filed opposition to the motion. By order dated April 10, 2019,

entered on April 22, 2019, the Court granted HSBC's motion to the extent of amending the caption to include UAI as a party defendant.

By motion dated July 23, 2019, HSBC moved for summary judgment, to strike UAI's proposed answer that had been filed by UAI with its motion for leave to intervene. The motion to intervene was subsequently withdrawn pursuant to a stipulation between HSBC and UAI.

On April 26, 2018, UAI filed an answer with the KCCO. The answer asserted six affirmative defenses. As relevant here, the first affirmative defense asserted that HSBC lacked standing, and the sixth affirmative defense alleged that the action was time barred.

HSBC's motion for summary judgment was opposed by the UAI and denied by order, dated February 18, 2022, based on HSBC's failure to establish standing.

**THE TRIAL**

A bench jury trial was conducted on November 17, 2022, February 16, 2023, and October 11, 2023. HSBC admitted nine exhibits into evidence. The first exhibit was the Pooling Service Agreement or PSA. The second exhibit was a mortgage loan schedule. The third exhibit was the subject note. Exhibit four was the subject mortgage. Exhibits five and six were screenshots. Exhibit nine was the deed to UAI. Exhibit ten was a loan payment history. At the close of HSBC's case in chief UAI moved for a directed verdict on its sixth affirmative defense alleging that the cause of action is time barred as asserted against it. UAI also moved for an order dismissing the second cause of action for

reformation of a mortgage. On February 16, 2023, the Court granted UAI's motion to dismiss the second cause of action based on HSBC's failure to make prima facie showing of entitlement to reformation. By decision and order dated August 24, 2023, the Court denied UAI's motion seeking dismissal of the foreclosure action as time barred. The parties, thereafter, submitted a request for findings of fact in accordance with CPLR 4213.

## FINDINGS OF FACT

HSBC called Cindy Teresa Shanabrook (hereinafter Shanabrook), a senior loan documentation specialist for Wells Fargo Bank, the servicer for the subject loan, to testify. Shanabrook's testimony established HSBC's possession of the subject note before the action was commenced. The subject note was endorsed in blank. HSBC also admitted the PSA which was accompanied by a loan schedule that included the subject note. By Shanabrook's credible testimony and admitted documents HSBC established it had standing to commence the instant action. HSBC also produced and established its possession of the subject mortgage. Through Shanabrook's testimony and business records, HSBC also established Islam's default in making the mortgage payments due and owing effective March 1, 2007.

UAI called Maniral Haq (hereinafter Haq), its corporate secretary, to testify. Haq testified that UAI bought the premises from Islam about ten years ago. He initially testified that he did not know what UAI paid for the premises. He then confirmed that UAI had indeed paid $10.00 for the property as reflected on the deed of conveyance. He

[* 5]

professed no memory of paying anything other than $10.00. Haq also stated that he did not know whether UAI did a title search. He had no knowledge or memory of doing any research or making any inquiry on whether there were any liens, lawsuit or claims on the premises before UAI purchased it.

## LAW AND APPLICATION

UAI has claimed that the subject foreclosure action is time barred as asserted against it based on the following facts and arguments. On July 17, 2007, HSBC commenced the action and committed the overt unequivocal act of accelerating the maturity date of the subject mortgage loan. The parties do not dispute that under CPLR 213 (4), a mortgage foreclosure claim is governed by a six-year statute of limitations (*Lubonty v U.S. Bank N.A.*, 34 NY3d 250, 261 [2019])

UAI argues that on July 17, 2013, the time to sue anyone not already named in the action expired. It further argues that it had no knowledge of the instant foreclosure action or of the subject mortgage on the subject premises when it took title on May 16, 2014. It also argues that there was no notice of pendency on the subject premises when it purchased the subject premises. UAI contends that based on these facts, they took title to the subject premises free of the subject mortgage.

"Pursuant to Real Property Law § 291, an unrecorded mortgage is valid as between the mortgagor and mortgagee, but is otherwise void as against a bona fide good faith purchaser for value who first records its interest, and such a bona fide good faith

[* 6]

purchaser for value of the real property will, upon the recording of its conveyance, take title to property free of any such unrecorded interest" (*Sasidharan v Piverger*, 43 Misc 3d 1231[A], 2014 NY Slip Op 50890]U], * 11 [Sup Ct, Kings County 2014]).

It is noted that UAI's answer did not assert the affirmative defense that it is a bona fide purchaser for value, nor did it make a motion pursuant to CPLR 3025 (c) to amend its answer to add this defense to its answer. However, since a pleading may be liberally amended before or after judgment to conform to the evidence (CPLR 3025 [c]), UAI's claims will be addressed under RPL § 291.

"The New York Recording Act (Real Property Law § 290 et seq.), inter alia, protects a good faith purchaser for value from an unrecorded interest in a property, provided such a purchaser's interest is first to be duly recorded" (*Yen-Te Hsueh Chen v Geranium Dev. Corp.*, 243 AD2d 708, 709 [2d Dept 1997]; *see* Real Property Law § 291; *Gregg v M&T Bank Corp.*, 160 AD3d 936, 940 [2d Dept 2018]). A bona fide purchaser for value is one who purchases real property in good faith, for valuable consideration, without actual or record notice of another party's adverse interests in the property and is the first to record the deed or conveyance (*Panther Mtn. Water Park, Inc. v County of Essex*, 40 AD3d 1336, 1338 [3d Dept 2007]).

"The status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries

[* 7]

concerning such" (*see Gregg v M&T Bank Corp.*, 160 AD3d 936, 940 [2d Dept 2018], quoting *Yen-Te Hsueh Chen v Geranium Dev. Corp.*, 243 AD2d 708, 709 [2d Dept 1997]). The intended purchaser must be presumed to have investigated the title, and to have examined every deed or instrument properly recorded, and to have known every fact disclosed or to which an inquiry suggested by the record would have led (*Fairmont Funding Ltd. v Stefansky*, 301 AD2d 562, 564 [2d Dept 2003]). If the purchaser fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed (*id.* at 564).

Here, Haq's testimony establishes that he did not ask Islam anything about the quality of his title to the subject premises. Nor did UAI do a title search or make any inquiry regarding whether the subject premises had any encumbrances. A title search would have revealed the existence of the instant foreclosure action and the liens and claims asserted against Islam's interest in the subject premises. By not making even the most minimal inquiry regarding the title of the subject premises, UAI is not and cannot be deemed a bona fide purchaser for value. Moreover, UAI's purchase of subject premises for only $10.00 is not a purchase for value. The fact that the notice of pendency may have lapsed on the date UAI purchased the subject premises would not relieve UAI of the obligation to conduct a minimal inquiry regarding the title. A notice of pendency does not create a lien on property; instead, it gives notice to the world of the remedy being sought in the lawsuit (*Caruso, Caruso & Brands, P.C. v Hirsch*, 27 Misc 3d 1216[A], 2010 NY Slip Op 50768[U], *3 [Sup Ct, Kings County 2010]). While a notice of

[* 8]

pendency put the whole world on notice of the claims asserted effecting the subject premises, the absence or lapse of a notice of pendency does not relieve a subsequent purchaser from investigating the title. The lawsuit was still in existence and pending when UAI purchased the subject premises.

Without the protection afforded to a bona fide purchaser for value, UAI purchased the subject premises from Islam with all the encumbrances that Islam was subject to, including his debt on the subject mortgage. UAI's claim that the foreclosure action is time-barred as asserted against it is simply wrong. UAI stands in the same shoes as defendant Islam. The fact that it interposed its answer on April 26, 2018, does not render the foreclosure action time barred as asserted against it. Under these circumstances, UAI purchased the subject premises with the encumbrances Islam had at the time of the conveyance. Inasmuch as the action was timely commenced against Islam, it was timely commenced against UAI.

The motion by UAI for an order dismissing the first cause of action to foreclose the subject mortgage on the subject premises is denied. HSBC established its entitlement to a judgment of foreclosure and sale of the subject premises.

**CONCLUSION**

The motion by Unlimited Assets Inc, for an order dismissing the first cause of action to foreclose the subject mortgage on the subject premises is denied.

[* 9]

HSBC Bank, USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2006-AP1 has established its entitlement to a judgment of foreclosure and sale of the subject premises.

The parties are directed to settle an order of reference on notice within thirty days of notice of entry of the instant decision and order.

The foregoing constitutes the decision and order of this Court.

ENTER:

J.S.C.

HON. FRANCOIS A. RIVERA

[* 10]