JOPAL at St. James, LLC v Roxburgh (2024 NY Slip Op 05092)

JOPAL at St. James, LLC v Roxburgh

2024 NY Slip Op 05092

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-03917
2021-04967
 (Index No. 2327/15)

[*1]JOPAL at St. James, LLC, etc., appellant, 
v
Roy Roxburgh, etc., respondent.

Angela C. Bellizzi, Woodbury, NY (Anjana Nair of counsel), for appellant.
Vincent D. McNamara, East Norwich, NY (Helen M. Benzie of counsel), for respondent (no brief filed).

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) a decision of the Supreme Court, Suffolk County (David T. Reilly, J.), dated March 31, 2021, and (2) an order of the same court dated June 1, 2021. The order, insofar as appealed from, upon the decision, (1) granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for breach of fiduciary duty, breach of contract, and violations of the Debtor and Creditor Law insofar as asserted against him in his individual capacity and in his capacity as attorney-in-fact for Jane Nobile, (2) denied those branches of the plaintiff's cross-motion which were for summary judgment on the causes of action to recover damages for breach of fiduciary duty, breach of contract, and violations of the Debtor and Creditor Law insofar as asserted against the defendant in his individual capacity and in his capacity as attorney-in-fact for Jane Nobile, (3) granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover on an account stated insofar as asserted against him in his individual capacity, and (4) denied that branch of the plaintiff's cross-motion which was for summary judgment on the cause of action to recover on an account stated insofar as asserted against the defendant in his individual capacity.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
Jane Nobile (hereinafter the decedent) resided at the plaintiff's nursing home from October 3, 2013, until her death on December 19, 2014. The plaintiff commenced this action against the defendant, individually, as attorney-in-fact for the decedent, and as executor of the decedent's estate, to recover the sum of $163,775 incurred for room, board, and nursing services provided to the decedent. The plaintiff asserted causes of action, inter alia, to recover damages for breach of fiduciary duty, breach of a nursing home admission agreement for the decedent that was signed by the defendant, and alleged violations of the Debtor and Creditor Law, and to recover on an account stated.
Thereafter, the defendant moved for summary judgment dismissing the amended complaint insofar as asserted against him in his individual capacity and in his capacity as the decedent's attorney-in-fact. The plaintiff cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant in his individual capacity and in his capacity as the decedent's attorney-in-fact. In an order dated June 1, 2021, the Supreme Court, among other things, (1) granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for breach of fiduciary duty, breach of contract, and violations of the Debtor and Creditor Law insofar as asserted against him in his individual capacity and in his capacity as the decedent's attorney-in-fact, (2) denied those branches of the plaintiff's cross-motion which were for summary judgment on the causes of action to recover damages for breach of fiduciary duty, breach of contract, and violations of the Debtor and Creditor Law insofar as asserted against the defendant in his individual capacity and in his capacity as the decedent's attorney-in-fact, (3) granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover on an account stated insofar as asserted against him in his individual capacity, and (4) denied that branch of the plaintiff's cross-motion which was for summary judgment on the cause of action to recover on an account stated insofar as asserted against the defendant in his individual capacity. The plaintiff appeals.
"In order to establish a breach of fiduciary duty, a plaintiff must prove the existence of a fiduciary relationship, misconduct by the defendant, and damages that were directly caused by the defendant's misconduct" (GMP Fur Trade Fin., LLC v Brenner, 169 AD3d 649, 650). Here, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for breach of fiduciary duty insofar as asserted against him in his individual capacity and in his capacity as the decedent's attorney-in-fact by demonstrating that the defendant, individually and as the decedent's attorney-in-fact, did not have a fiduciary relationship with the plaintiff (see Staffenberg v Fairfield Pagma Assoc., L.P., 95 AD3d 873, 874; Guarino v North Country Mtge. Banking Corp., 79 AD3d 805, 807). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for breach of fiduciary duty insofar as asserted against him in his individual capacity and in his capacity as the decedent's attorney-in-fact, and properly denied that branch of the plaintiff's cross-motion which was for summary judgment on that cause of action insofar as asserted against the defendant in those capacities.
The defendant established his prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for breach of contract insofar as asserted against him in his individual capacity and in his capacity as the decedent's attorney-in-fact. The defendant demonstrated, prima facie, that he could not be held personally liable for expenses for the decedent's care under the admission agreement unless he impeded the plaintiff from collecting the amounts owed, and that his alleged failure to provide documentation or information did not cause or contribute to the nonpayment of expenses for the decedent's care (see Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 143). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract insofar as asserted against him in his individual capacity and in his capacity as the decedent's attorney-in-fact, and properly denied that branch of the plaintiff's cross-motion which was for summary judgment on that cause of action insofar as asserted against the defendant in those capacities.
"An account stated is an agreement between parties, based upon their prior transactions, with respect to the correctness of the account items and the specific balance due" (Citibank [South Dakota], N.A. v Abraham, 138 AD3d 1053, 1056). Here, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover on an account stated insofar as asserted against him in his individual capacity by demonstrating that the plaintiff had no agreement with him to personally pay for statements or invoices for the decedent's nursing care (see Branch Servs., Inc. v Cooper, 102 AD3d 645, 646-647). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of [*2]action to recover on an account stated insofar as asserted against the defendant in his individual capacity, and properly denied that branch of the plaintiff's cross-motion which was for summary judgment on that cause of action insofar as asserted against the defendant in that capacity.
The defendant established his prima facie entitlement to judgment as a matter of law dismissing the causes of action to recover damages for violations of the Debtor and Creditor Law insofar as asserted against him in his individual capacity and in his capacity as the decedent's attorney-in-fact by demonstrating that the plaintiff did not become a creditor until after the allegedly fraudulent transfers were made (see Standard Chartered Bank v Kittay, 215 AD2d 645, 646). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for violations of the Debtor and Creditor Law insofar as asserted against him in his individual capacity and in his capacity as the decedent's attorney-in-fact, and properly denied those branches of the plaintiff's cross-motion which were for summary judgment on those cause of action insofar as asserted against the defendant in those capacities.
IANNACCI, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court