JOSPE et al. v. DANIS (two cases).

(Supreme Court, Appellate Division, Second Department.   May 26, 1910.)

1. VENDOR AND PURCHASER (§ 239*)—BONA FIDE PURCHASERS.
    Where the owner of land sold a building thereon by an instrument in writing described as a bill of sale, which gave privilege of removing the building without damage to the property, and the instrument was not recorded, and the owner subsequently sold the land to one without notice of the sale of the building, the purchaser of the land acquired perfect title to the land and the building.
    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 586, 590;  Dec. Dig. § 239.*]

2. VENDOR AND PURCHASER (§ 238*)—PURCHASER FROM BONA FIDE PURCHASER.
    A purchaser of land having no notice of an unrecorded bill of sale of a building on the land conveyed a perfect title to the land and to the building by conveyance to a purchaser who had knowledge of the prior bill of sale of the building.
    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 580–582;  Dec. Dig. § 238.*]

Appeal from Special Term, Nassau County.

Actions by Theodore Jospe and others against Charles H. Danis. From an order denying a motion for new trial under Code Civ. Proc. § 999, and from an order denying a motion for new trial on ground of surprise or newly discovered evidence, defendant appeals. Order denying motion for new trial on the ground of surprise and newly discovered evidence affirmed; order denying new trial reversed, and a new trial granted.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

James P. Davenport (Frank A. Coles, on the brief), for appellant.

Delphin M. Delmas (Benjamin F. Spellman, on the brief), for respondents.

BURR, J.   At the opening of the case, and before any testimony was introduced, defendant moved to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.   At the close of plaintiffs' case a motion for a nonsuit was made. The denial of these motions constitutes reversible error, for the reason that it affirmatively appears that, as against defendant, plaintiffs were not the owners of the property which constitutes the subject-matter of this action, and for the conversion of which defendant has been held in damages.   The complaint alleges and the proof establishes the following facts:

A corporation known as the Trustees of the First Presbyterian Church of Glen Cove was the owner of a tract of land, with a frame church building thereon, situated at South Glen Cove in the town of Oyster Bay.   On the 23d of October, 1906, the corporation conveyed to plaintiffs the building and the contents thereof by an instrument in writing described as a bill of sale.   From this instrument it appears that the building only was sold, and in connection with the sale plaintiffs were given the privilege of removing the building from the prop-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

erty as soon as convenient, without damage to the said property beyond the removal of any trees which may be found in the way of such removal. That this building formed part of the realty, and that the conveyance thereof was an interest in land, must be conceded. Green v. Armstrong, 1 Denio, 550; McGregor v. Brown, 10 N. Y. 114; Lacustrine Fer. Co. v. L. G. & Fer. Co., 82 N. Y. 476. This instrument was never recorded. It does not appear that, if properly executed, there is such proof of the execution thereof indorsed upon it as would entitle it to be recorded. On September 3, 1907, the church corporation conveyed the land upon which the building stood to one Devine M. Munger. There is neither allegation nor proof that Munger had any notice of the conveyance to plaintiffs, or of the extent of their rights thereunder. The building had not been removed, and there is no evidence that plaintiffs were in such actual, open, and visible occupation thereof, as would be equivalent to notice. Brown v. Volkening, 64 N. Y. 76.

As against plaintiffs, therefore, Munger acquired a perfect title, not only to the land, but to the building thereon. In Lacustrine Fer. Co. v. L. G. & Fer. Co., supra, the court said:

"We think it must be a general rule that the owner of land cannot, by agreement between himself and another, make that which in its nature is land personal property, as against a subsequent purchaser for value, without notice; there having been no actual severance of the subject of the agreement when the subsequent grant was made."

If for the words "this defendant" we substitute the word "Munger," the learned trial justice in his charge to the jury correctly stated the law as follows:

"Of course, a house built upon real property is part of the real property until it is severed by the intentions of the parties. So that, if Munger, not knowing the church had been sold, and there being nothing of record to make him aware of the fact, had bought the property as it was from the trustees, he would not only own the real property, but he would take the church, too, and the plaintiffs would be minus their property, although they paid for it."

Subsequently Munger conveyed the premises to defendant, who became the record owner thereof. The complaint alleged, and the proof established, that defendant had notice of the conveyance to plaintiffs and of their claims thereunder before he purchased the property. But, notwithstanding that, he took under his conveyance from Munger just as good title to both land and building as Munger himself had. "A purchaser, with notice himself, from a person who bought without notice, may protect himself under the first purchaser. The reason is to prevent a stagnation of property, and because the first purchaser, being entitled to hold and enjoy, must be equally entitled to sell." Bumpus v. Platner, 1 Johns. Ch. 213; Griffith v. Griffith, 9 Paige, 315; Wood v. Chapin, 13 N. Y. 509, 67 Am. Dec. 62; Webster v. Van Steenbergh, 46 Barb. 211; Lacustrine Fer. Co. v. L. G. & Fer. Co., supra.

It is true that this point was not specifically called to the attention of the court below, nor was it urged upon this court, either in the printed briefs or upon the oral argument. But it is covered by the motions made at the opening of the case and at the close of plaintiffs'

case to dismiss the complaint. It would appear from the evidence that defendant conducted his negotiations for the purchase of the property with some of the trustees of the church, and that he supposed that he was really purchasing from them, although his conveyance was from Munger. Perhaps this was the fact. But, upon the complaint and the proof as it now stands, Munger was an innocent purchaser without notice of plaintiffs' rights, and defendant succeeded to his rights, notwithstanding notice to him. The verdict was a very large one, more than in our opinion the evidence fairly warranted. We think, therefore, that it will be in the interest of justice to reverse this judgment and order a new trial, when the respective rights of the parties may be more fully considered.

Subsequently to the entry of judgment in this action, defendant made a motion for a new trial upon the ground of surprise and newly discovered evidence, and from the order denying that motion an appeal was also taken. We think that the affidavits used upon that motion, taken in connection with the case made, did not justify the trial court in setting aside the verdict, and the judgment entered thereon, upon the grounds specified.

The order denying the motion for a new trial on the ground of surprise and newly discovered evidence should be affirmed, with costs to the respondents. The judgment and the order denying a motion for a new trial upon the grounds specified in section 999 of the Code of Civil Procedure should be reversed, and a new trial granted; costs to abide the event. All concur.