FREDERICK W. HUBER, Respondent, *v.* ANNA GORG and CHARLES K. HOERNING, Appellants.

Second Department, January 25, 1918.

Highways — alteration — acceptance — dedication — abandonment of portion of highway — ownership of title — vendor and purchaser — deed — breach of condition subsequent — re-entry.

Where a town for the purpose of straightening a highway shifted it to one side at the instance and expense of the owner of the abutting land, the owner will be deemed to have dedicated and the town to have accepted the additional land, although there was no conveyance.

Upon the abandonment of the portion of the road, title thereto did not revert to the grantor to the town, who had conveyed "for the purpose of said road," nor did it pass to the abutting owners, but as it was not conveyed by the town the title remained in it and has passed to its successor, the city of New York, which in justice should grant releases to the owners of the several lots abutting thereon.

A buyer of one of said lots should not be obliged to accept the conveyance without a release from the city.

If the grant were on condition subsequent, the title of the city, the successor of the town, could be defeated only by re-entry.

A right to re-enter for a breach of condition subsequent is not an estate.

APPEAL by the defendants, Anna Gorg and another, from a judgment of the County Court of Queens county in favor of the plaintiff, entered in the office of the clerk of said county on the 10th day of January, 1917, upon the decision of the court, a jury having been waived.

APP. DIV.—VOL. CLXXXI.    24

*Louis J. Halbert,* for the appellants.

*George A. Nagle,* for the respondent.

THOMAS, J.:

A parcel of land abuts the west side of Flushing avenue for the distance of two hundred and ten feet from Prospect avenue. The defendant Gorg agreed to convey it to the assignor of the plaintiff, who questions the title to a strip varying from some fourteen to sixteen feet wide and forming the frontage of the lots. The street, formerly known as Bushville road or Flushing avenue, runs northerly from the Jamaica and Hempstead turnpike, and for the purpose of straightening it was shifted in 1893 so that its westerly line was carried so far easterly as to leave unused for road purposes the strip described. The disused strip apparently became a part of the land that was bounded by the old road, and has become the frontage on the westerly side of the corrected and present avenue. Before it was separated from the street, the town of Jamaica had the title to it, and there is no evidence that it parted with the title. The land on both sides of the old road was owned by the German-American Real Estate Company, at whose instance and expense the alteration in the lines of the road was made. Although it did not convey the land on the easterly side of the old road taken into the new road, its action was a dedication, and the acceptance by the town is manifest. But the proceedings do not indicate that an exchange of land was made, although that such was the intention is inferable. As the town of Jamaica did not convey the abandoned strip, the title remained in the town and has come to its successor, the city of New York, which in justice should release to the owners of the several lots abutting on the westerly side of the present avenue. But in the present state of the title the buyer should not be obliged to accept the conveyance. It is urged that upon the abandonment of the road over the strip the title to it reverted to Bailey, who conveyed, " for the purpose of said road," to the town of Jamaica in 1857, or that it inures to his successor in title, if any there be. The road was laid out in 1853, and a substantial sum was awarded to Bailey. Against that contention is invoked the decision in *Brooklyn Park Comrs.* v, *Armstrong*

(45 N. Y. 234). The title came to the town, and under the decision it remains in the town's successor. The strip did not pass to the abutting owners upon abandonment, and the doctrine of adverse possession is not suggested. (*Pooler* v. *Sammet*, 130 App. Div. 650, 652.) If the grant were on condition subsequent, the city's title could be defeated only by re-entry. But a right to re-enter is not an estate. (*Vail* v. *Long Island R. R. Co.*, 106 N. Y. 283.)

The judgment of the County Court of Queens county should be affirmed, with costs.

JENKS, P. J., RICH, PUTNAM and BLACKMAR, JJ., concurred.

Judgment of the County Court of Queens county affirmed, with costs.