■ DONALD K. GLOVER, Respondent, v TOWN OF UNION, Defendant, and NICHOLAS T. SBARRA, Appellant.—Weiss, P. J. Appeal from a judgment of the Supreme Court (Fischer, J.), entered May 13, 1991 in Broome County, upon a decision of the court in favor of plaintiff.

After defendant Town of Union in Broome County changed the direction of Pleasant Drive, a resolution of the Town Board was enacted on October 18, 1973 which abandoned a portion of the road and provided for conveyances of the abandoned road to adjoining property owners. On November 20, 1984, the Town conveyed by a quitclaim deed to plaintiff the one-half portion, some 25 feet in width, of the abandoned road which abutted his property. However, plaintiff failed to record this deed until June 13, 1988.

In the meantime, in August 1985 defendant Nicholas T. Sbarra purchased the lot on the opposite side of the abandoned road from plaintiff's lot which included the half of the abandoned road adjoining his lot.* Inquiries made by Sbarra that same year and a search of the record for plaintiff's 1984 quitclaim deed from the Town did not disclose the conveyance of that strip to plaintiff. Sbarra desired more land and he approached the Town concerning that 25-foot strip of abandoned road abutting plaintiff's property. He obtained a quitclaim deed which he recorded prior to the time plaintiff recorded his 1984 deed from the Town. The result was that the same one-half portion of the abandoned road was quitclaimed by the Town to both plaintiff and Sbarra and now has become the subject of this lawsuit by plaintiff to quiet title. After a nonjury trial Supreme Court found in favor of plaintiff, concluding that the lack of any consideration paid by Sbarra for his deed of the contested strip of abandoned road precluded the protections afforded by Real Property Law § 291 pertaining to the recording of titles. The court held that the Town, having previously conveyed title to the plaintiff, had nothing left to convey to Sbarra. We agree and affirm the judgment.

We find no merit in Sbarra's argument that the Town had only an easement which was terminated upon its abandonment of the road and that the underlying fee title at all times remained in the abutting landowners, in this case plaintiff's predecessor in title who never conveyed that portion of the roadbed to plaintiff. The record shows that in the pleadings and trial testimony the Town and Sbarra admitted that the road had been owned by the Town. Moreover, in denying the Town's summary judgment motion, Supreme Court also held that the Town owned the road. As such, title was passed to plaintiff by the deed from the Town (see, Huber v Gorg, 181 App Div 369) and the second deed of the same premises to Sbarra without consideration conveyed nothing. Further, Sbarra did not gain any protection under Real Property Law § 291 by recording his deed before plaintiff's deed was recorded.

Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the judgment is affirmed, with costs.

■ In the Matter of ANTHONY E. DECROSTA, Respondent, v

---

* Sbarra's predecessor, Raymond Eck, had received a quitclaim deed to the road which conveyed only that one-half portion of the abandoned road abutting his lot.