■ DAVID BARRETT, Appellant, v MERLE LITTLES, Also Known as CAROLE PLASKETT, Respondent. [607 NYS2d 134] —In an action for a judgment declaring, *inter alia,* that the plaintiff is the sole owner of two parcels of real property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Durante, J.), entered January 6, 1992, which, *inter alia,* upon denying the plaintiff's motion for summary judgment, granted the defendant summary judgment on her first cause of action, declared that the plaintiff and defendant were each one-half owners as tenants in common of one parcel located in Hollis, New York, and that the defendant was the sole owner of the second parcel located in Cambria Heights, New York.

Ordered that the order and judgment is modified, on the law, by deleting the second decretal paragraph thereof which declared that the parties are tenants in common of certain property in Hollis, New York, and awarded the defendant summary judgment on the first cause of action, and substituting therefor a provision denying that relief; as so modified, the order and judgment is affirmed, without costs or disbursements.

Contrary to the plaintiff's contentions, the Supreme Court correctly denied his motion for summary judgment. The plaintiff did not establish, as a matter of law, that he was a bona fide purchaser for valuable consideration of the Hollis property and as such, he may not invoke the protection of the recording statute *(see,* Real Property Law § 291) to have the defendant's subsequently recorded deed declared invalid *(see, Glover v Town of Union,* 182 AD2d 929). Furthermore, the court correctly held that the plaintiff was not entitled to relief

under the second cause of action, since the defendant's alleged misrepresentations were but promises to perform acts in the future, and absent proof that the defendant had no intention of performing when she made these alleged statements, the plaintiff has no fraud cause of action with regard to the Cambria Heights property *(see, Brown v Lockwood,* 76 AD2d 721).

However, we do not agree with the court's decision to award summary judgment to the defendant declaring that she owns an undivided one-half interest in the Hollis property. While summary judgment may be awarded to a nonmoving party where appropriate *(see,* CPLR 3212 [b]), upon our review of the record we find that there are issues of fact as to the circumstances surrounding the execution of the deeds such that neither party is entitled to summary judgment declaring ownership of the Hollis property. Thompson, J. P., O'Brien, Ritter and Altman, JJ., concur.