■ Transland Assets, Inc., Appellant, v Adele E. Davis, Defendant, and Ralph M. Thompson, Jr., et al., Respondents. [813 NYS2d 675]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Rosen, R.), dated July 16, 2004, as, after a nonjury trial, dismissed its causes of action, inter alia, for a judgment declaring the deed of the defendants Ralph M. Thompson, Jr., and Gessie Thompson to be null and void.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The New York Recording Act (Real Property Law § 290 *et seq.*) protects a good faith purchaser for value from a prior unrecorded interest in real property provided, inter alia, that the subsequent purchaser's interest is the first to be duly recorded (*see* Real Property Law § 291; *Yen-Te Hsueh Chen v Geranium Dev. Corp.*, 243 AD2d 708, 709 [1997]; *Morrocoy Mar. v Altengarten*, 120 AD2d 500 [1986]; *Goldstein v Gold*, 106 AD2d 100, 101-102 [1984], *affd* 66 NY2d 624 [1985]; 11 Warren's Weed, New York Real Property, Recording §§ 1.05, 1.07 [4th ed). Here, it is undisputed that the defendants Ralph M. Thompson, Jr., and Gessie Thompson recorded their deed before the plaintiff did. As a result, the plaintiff may not invoke the protection of the New York Recording Act, regardless of whether those defendants actually paid valuable consideration for the property (*see Rivas v McDonnell*, 308 AD2d 572, 573 [2003]).

The plaintiff's remaining contentions are without merit, except for its contention that it has standing to challenge the contract of sale to the Thompsons as a fraudulent conveyance. Florio, J.P., Crane, Goldstein and Spolzino, JJ., concur.