■ Sprint Equities (NY), Inc., Appellant, v Angela Sylvester, Also Known as Angela M. Sylverster, et al., Respondents, et al., Defendants. [896 NYS2d 134]—

In an action for a judgment declaring, inter alia, that the plaintiff is the sole owner of certain real property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Elliot, J.), entered July 23, 2008, which, among other things, denied its motion for summary judgment on the complaint, granted the respective cross motions of the defendant Cambridge Home Capital, LLC, the defendants Charles H. Appolon, also known as Charles Appolon, Jr., Nataki Appolon, and Warkin Realty Corp., and the defendant Angela Sylvester, also known as Angela M. Sylvester, for summary judgment, and declared, inter alia, that a certain deed dated September 8, 2000, is null and void and, in effect, that it is not the sole owner of the property.

Ordered that the order and judgment is affirmed, with costs to the respondent Cambridge Home Capital, LLC.

"The New York Recording Act (Real Property Law § 290 *et seq.*) protects a good faith purchaser for value from a prior unrecorded interest in real property provided, inter alia, that the subsequent purchaser's interest is the first to be duly recorded" (*Transland Assets, Inc. v Davis*, 29 AD3d 679, 679 [2006]; *see* Real Property Law § 291; *Jenkins-Watson v Golabi Holdings, LLC*, 26 AD3d 467, 468 [2006]; *Rivas v McDonnell*, 308 AD2d 572, 572-573 [2003]; *Yen-Te Hsueh Chen v Geranium Dev. Corp.*, 243 AD2d 708, 709 [1997]). "The status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such" (*Yen-Te Hsueh Chen v Geranium Dev. Corp.*, 243 AD2d at 709).

Here, it is undisputed that the defendant Household Finance Realty Corporation of New York (hereinafter Household Finance) held a mortgage on the subject property, with the defendants Angela Sylvester, also known as Angela M. Sylvester, and George Sylvester (hereinafter together the Sylvesters) as mortgagors, prior to the plaintiff's alleged acquisition of the property from the Sylvesters. Additionally, it is not disputed that Household Finance recorded the mortgage before the plaintiff recorded its deed. Eli Maor, the plaintiff's principal,

acknowledged at his deposition that the plaintiff was aware of the existence of this mortgage, and the fact that the mortgagee had commenced a foreclosure action in connection with the subject property. Maor also asserted that the plaintiff paid the sum of $1,000 to the Sylvesters in consideration for the subject property, and that, in addition, the plaintiff assumed the mortgage on the property. However, Maor conceded that the plaintiff did not inform Household Finance that it had a deed from the Sylvesters transferring title to it; that the plaintiff did not ask the Sylvesters to assign the mortgage to it; that the plaintiff, despite its purported assumption of the mortgage, did not sign any agreement stating that it would be responsible for the mortgage; that the plaintiff knew that the Sylvesters' names were still on the mortgage; and that, despite the plaintiff's purported assumption of the mortgage, the Sylvesters remained responsible for the mortgage at all relevant times. Maor admitted that the plaintiff did not make any mortgage payments with respect to the property, nor did it pay any real property taxes in connection with it.

As the Supreme Court correctly determined, the plaintiff was not a good faith purchaser for value. Moreover, as acknowledged by Maor, Household Finance acquired and recorded its mortgage interest in the subject property before the plaintiff recorded the disputed deed. We note, in this regard, that the Household Finance mortgage was a "conveyance," as that term is defined in Real Property Law § 290 (3) and used in Real Property Law § 291. Since Household Finance acquired its mortgage interest on the property before the plaintiff acquired its purported interest therein, and recorded it before the plaintiff recorded the deed, and since the evidence established that the plaintiff was not a good faith purchaser for value, the plaintiff could not avail itself of the protection of the recording statute. Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint, granted the respective cross motions of the defendant Cambridge Home Capital, LLC, the defendants Charles H. Appolon, also known as Charles Appollon, Jr., Nataki Appolon, and Warkin Realty Corp., and the defendant Angela Sylvester, also known as Angela M. Sylvester for summary judgment, and declared, inter alia, that the plaintiff's deed is null and void and, in effect, that the plaintiff is not the sole owner of the subject property (see HSBC Mtge. Servs., Inc. v Alphonso, 58 AD3d 598 [2009]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Dickerson, Hall and Lott, JJ., concur.