■ WACHOVIA BANK, N.A., Respondent, v KATHERINE SWENTON et al., Defendants. MARIE CHRISTINE SOTOMAYOR, Intervenor-Appellant. [20 NYS3d 405]—

In an action to foreclose a mortgage, the intervenor appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated March 28, 2013, as denied those branches of her motion which were to vacate the judgment of foreclosure and sale and compel the plaintiff to accept her proposed answer.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion of the intervenor which were to vacate the judgment of foreclosure and sale and compel the plaintiff to accept her proposed answer are granted, and the judgment of foreclosure and sale is vacated.

The plaintiff commenced this action to foreclose a mortgage

which was executed by the defendant mortgagor Katherine Swenton, also known as Katherine Gentile Swenton (hereinafter the mortgator), on January 23, 2004, but not recorded until September 1, 2006. Prior to the plaintiff recording the subject mortgage, the mortgagor conveyed the property to Joseph Rosati by deed recorded on February 24, 2006. Rosati then conveyed the property to Island Real Estate Development and Island Properties & Associates, LLC (hereinafter together Island Properties), by deed recorded on May 26, 2006. Island Properties then conveyed the property to the intervenor and another person by deed recorded on January 31, 2007, approximately four months after the plaintiff recorded its mortgage.

Although the intervenor was a record owner of the subject property at the time this action was commenced, she was not named as a defendant in this action or served with a copy of the summons and complaint. After a judgment of foreclosure and sale was issued, the intervenor moved, inter alia, for leave to intervene in the action, to vacate the judgment of foreclosure and sale, and to compel the plaintiff to accept her proposed answer. In an order dated March 28, 2013, the Supreme Court granted that branch of the intervenor's motion which was for leave to intervene in the action, but denied the remaining branches. The intervenor appeals from so much of the order as denied the remaining branches of her motion.

"[T]he lien of a mortgage is extinguished upon the sale of the real property affected thereby unless the purchaser has knowledge, either actual or constructive, of the existence of the mortgage" (*Baccari v De Santi*, 70 AD2d 198, 201 [1979]; *see* Real Property Law § 291; *HSBC Mtge. Servs., Inc. v Alphonso*, 58 AD3d 598, 599-600 [2009]). "The New York Recording Act (Real Property Law § 290 *et seq.*) protects a good faith purchaser for value from a prior unrecorded interest in real property provided, inter alia, that the subsequent purchaser's interest is the first to be duly recorded" (*Transland Assets, Inc. v Davis*, 29 AD3d 679, 679 [2006]; *see Sprint Equities [NY], Inc. v Sylvester*, 71 AD3d 664, 665 [2010]).

The intervenor is correct that she has a potentially meritorious defense to this action, despite the fact that the plaintiff's mortgage was recorded before the deed conveying the property to her was recorded, if she can establish that Rosati and/or Island Properties were bona fide purchasers for value who did not have notice of the plaintiff's mortgage when the property was conveyed to them (*see O'Neill v Lola Realty Corp.*, 264 App Div 60, 64-65 [1942]). This is because a bona fide purchaser for

value who acquires title without notice of an unrecorded and unsatisfied mortgage is then able to confer good title to a third party, notwithstanding the fact that the third party has notice of facts which would have prevented him or her from acquiring good title from the original grantor (*see id.* at 64-65; *see also* Joseph Rasch & Robert F. Dolan, 2 NY Law & Practice of Real Property § 28:20 [2d ed June 2015] ["Purchaser with notice from purchaser without notice"]; 1-1 Bruce J. Bergman, Bergman on New York Mortgage Foreclosures § 1.21 [Oct. 2015]). To not allow the bona fide purchaser for value who acquires title without notice of an unrecorded and unsatisfied mortgage to convey good title would be to prevent him or her from being able to sell the property (*see O'Neill v Lola Realty Corp.*, 264 App Div at 64; *Jospe v Danis*, 138 App Div 544, 546-547 [1910]).

In light of the fact that the intervenor has established a reasonable excuse for failing to appear in this action, as well as a potentially meritorious defense, that branch of her motion which was to vacate the judgment of foreclosure and sale should have been granted, the judgment of foreclosure and sale vacated, and that branch of the intervenor's motion which was to compel the plaintiff to accept her proposed answer should have been granted (*see* CPLR 317, 3012, 5015 [a] [4]). Mastro, J.P., Austin, Maltese and Barros, JJ., concur.