OPINION OF THE COURT
W. Gerard Asher, J.
It is ordered that plaintiffs motion for an order of the court pursuant to CPLR 3211 (b) dismissing as a matter of law the second and sixth affirmative defenses in defendants’ answer is granted.
Plaintiff moves for an order of the court pursuant to CPLR 3211 (b) striking, as a matter of law, (i) the second and sixth affirmative defenses in the answer of defendants Dominic Barbara, and his adult children, Jason Barbara and Elyse Figueiredo, and (ii) expunging and nullifying a February 14, 2002 deed (the 2002 deed), as of record, from Dominic, as grantor, to himself, Jason and Elyse, as grantees with respect to 169 Rams Island Drive, Shelter Island, New York (the property).
On or about February 14, 2002 the defendant Dominic Barbara summoned his children, Jason and Elyse, to his office for the purpose of signing “transfer documents” with respect to the aforementioned 169 Rams Island Drive property. In essence, Dominic Barbara, at that time, the sole owner on the deed, transferred the property to himself, his son Jason and his daughter Elyse. Allegedly this was done for the purpose of “protecting his children given the fact he was about to marry someone who was not their mother.” At the time of the signing *638 of this document, there was no consideration paid by the children, they never received or saw the deed nor was there a physical delivery of the deed to the children. Upon a reading of the examination before trial testimony of Marlene Esposito, Dominic Barbara’s former office manager of 35 years, she testified she was instructed by Dominic Barbara not to record the deed.
In June of 2006, Dominic Barbara applied to Washington Mutual Bank for a $2.4 million dollar refinancing of the mortgage on the aforementioned property, representing in the loan application that he solely owned the property. Specifically, there existed a mortgage in the amount of $1,999,999 and in this consolidation, extension, and modification agreement (CEMA), JP Morgan Chase Bank, N.A.’s predecessor, Washington Mutual, loaned to Dominic Barbara $400,001 in “new” money consolidating it with the preexisting debt of $1,999,999 bringing the total money loaned to $2,400,000. This 2006 loan remained unrecorded until a duplicate copy of the CEMA was recorded in 2014.
On or about August 23, 2007 Dominic Barbara and Leslie Barbara, just prior to their second marriage, entered into a prenuptial agreement in which Dominic Barbara represented yet once again he was the sole owner of the aforementioned property and pursuant to the agreement he would convey 16.67% of the interest in the property to Leslie. The agreement was silent as to any ownership rights of his children Jason and Elyse. This deed dated November 11, 2007 with just Dominic and Leslie named on it was recorded January 16, 2008.
Thereafter, on or about June 10, 2009, the 2002 deed containing Dominic, Jason and Elyse was filed. As such, defendants contend that the recording of the deed creates a presumption of delivery and acceptance.
The New York Recording Act (Real Property Law § 290 et seq.) protects a good faith purchaser for value from an unrecorded interest in a property, provided such a purchaser’s interest is first to be recorded. (Transland Assets, Inc. v Davis, 29 AD3d 679 [2006]; see also Sprint Equities [NY], Inc. v Sylvester, 71 AD3d 664, 665 [2010]; Wachovia Bank, N.A. v Swenton, 133 AD3d 846 [2015].)
The status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonable prudent purchaser to *639 make inquiries concerning such (see Barrett v Littles, 201 AD2d 444 [1994]; United Matura Realty v Reade Indus., 155 AD2d 660 [1989]; Morrocoy Mar. v Altengarten, 120 AD2d 500 [1986]; Vitale v Pinto, 118 AD2d 774 [1986]).
Real Property Law § 291, “Recording of conveyances,” in pertinent part reads “Every such conveyance not so recorded is void as against any person who subsequently purchases . . . the same real property ... in good faith and for a valuable consideration . . . and whose conveyance, contract or assignment is first duly recorded.”
The term “purchaser” includes every person to whom any estate or interest in real property is conveyed for a valuable consideration (see Real Property Law § 290).
Viewing the evidence in a favorable light to the defendants, although there is a presumption of “delivery” of the deed at the time of the execution of the transfer documents on February 14, 2002, the inconsistent actions of the defendants would lead a prudent person to determine that a “physical delivery” of the deed did not occur. Wherefore, the deed is deemed delivered as of the date of its recording on June 10, 2009 (see Matter of Myers v Key Bank, 68 NY2d 744 [1986]). As such, this deed would be “second in time” to the unrecorded June 29, 2006 CEMA. The Recording Act protects “second in time” conveyances if the following two conditions are met. The party claiming the protection must show they paid a valuable consideration for the property and they had no knowledge of the unrecorded prior interest.
Notwithstanding defendants Jason Barbara and Elyse Figueiredo’s admission that they had no knowledge of the unrecorded 2006 CEMA executed solely by their father, they have not met their burden showing that they paid valuable consideration for the property. The record is replete with evidence that the Barbara children did not pay any consideration for their interest in the property. Furthermore, it has been revealed through depositions of both children that their personal records whether it be credit or loan applications or the preparation of tax returns during these years between the signing of the transfer documents and the recording of the deed are all silent as to any ownership rights of the property in question. Accordingly, the defendants are not to be afforded the protection under the Recording Act and the sixth affirmative defense which relies upon the Recording Act is dismissed.
With respect to defendants’ second affirmative defense based upon documentary evidence (the Feb. 14, 2002 deed); plaintiff *640 argues that this defense fails as a matter of law because the deed is void for lack of delivery. Even though the undersigned has determined that the deed was delivered at the time of its recording in 2009, making it “first in time,” winning the race to record against the unrecorded 2006 CEMA, the defendants cannot claim protection under the Recording Act because they failed to prove that they are good faith purchasers for value and as such are not entitled to the protection of the Recording Act. Accordingly, defendants’ second affirmative defense is denied in its entirety.