Bank of New York Mellon v Bentley (2021 NY Slip Op 00080)





Bank of New York Mellon v Bentley


2021 NY Slip Op 00080


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Moulton, González, Scarpulla, JJ. 


Index No. 850329/14 Appeal No. 12812 Case No. 2019-5539 

[*1]The Bank of New York Mellon Formerly Known as The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-1, Plaintiff-Appellant,
v
Roger Bentley et al., Defendants, 136 Beekman, LLC, Defendant-Respondent.


Davidson Fink LLP, Rochester (Richard N. Franco of counsel), for appellant.
Borchert & LaSpina, P.C., Whitestone (Robert W. Frommer of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered June 21, 2019, which denied plaintiff's motion for summary judgment foreclosing on a mortgage and granted defendant 136 Beekman LLC's motion for summary judgment dismissing the complaint and on its counterclaim to quiet title on the property, and dismissed the complaint, cancelled the notice of pendency, adjudged 136 Beekman to be the sole owner in fee simple entitled to possession, adjudged plaintiff's consolidated mortgage not to be a lien or encumbrance on the property, and barred plaintiff and its successors from claiming a mortgage, lien, encumbrance, or interest, unanimously affirmed, without costs.
The record evidence of payments and satisfaction of two other recorded mortgage interests supports the motion court's finding that defendant 136 Beekman's immediate predecessor in interest, its sole member, was a good faith purchaser for value not subject to the unrecorded consolidated mortgage that plaintiff owns (see Real Property Law § 291; Andy Assoc. v Bankers Trust Co., 49 NY2d 13, 16-17 [1979]; Farrell v Sitaras, 22 AD3d 518, 520 [2d Dept 2005]). On the facts of this case, and in light of previous litigation involving 136 Beekman's various predecessors and related parties, reasonable inquiry "as suggested by the facts" did not entail further inquiry concerning yet another previously recorded mortgage given by defendants Robert Bentley and Julie Yang to plaintiff's predecessor in interest, the note for which was consolidated into the note at issue here (see Akasa Holdings, LLC v 214 Lafayette House, LLC, 177 AD3d 103, 120-121 [1st Dept 2019], quoting Anderson v Blood, 152 NY 285, 293 [1897]; see also 2386 Creston Ave. Realty, LLC v M-P-M Mgt. Corp., 58 AD3d 158, 163 [1st Dept 2008], lv denied 11 NY3d 716 [2009]). Plaintiff's contention that 136 Beekman's owner and her husband are connected to Bentley and Yang, and thus were put on notice of plaintiff's interest, is belied by the record. That 136 Beekman did not pay its sole member for the ultimate transfer of title is of no moment, as "a bona fide purchaser for value who acquires title without notice of an unrecorded and unsatisfied mortgage is then able to confer good title to a third party" (Wachovia Bank, N.A. v Swenton, 133 AD3d 846, 847-848 [2d Dept 2015]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021