Kearny Bank v Beaux Equities, LLC (2025 NY Slip Op 02580)

Kearny Bank v Beaux Equities, LLC

2025 NY Slip Op 02580

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-09916
 (Index No. 502954/22)

[*1]Kearny Bank, respondent, 
v
Beaux Equities, LLC, et al., appellants, et al., defendants.

Lawrence R. Kulak, Brooklyn, NY, for appellants.
Sills Cummis & Gross P.C., New York, NY (Lori K. Sapir of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Raphael Grossman as Trustee of the Shorivger Trust appeals, and the defendants Beaux Equities, LLC, and Yaakov Pollak separately appeal, from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 30, 2022. The order, insofar as appealed from by the defendant Raphael Grossman as Trustee of the Shorivger Trust, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against that defendant. The appeal by the defendants Beaux Equities, LLC, and Yaakov Pollak was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the order is affirmed insofar as appealed from by the defendant Raphael Grossman as Trustee of the Shorivger Trust, with one bill of costs payable by that defendant.
By deed dated March 29, 2016, the defendant Yaakov Pollak, as sole member of Beaux Equities, LLC, conveyed three parcels of real property (hereinafter the property) located in Brooklyn to the defendant Shorivger Trust (hereinafter the Trust). The deed to the Trust was not recorded until November 29, 2017. On March 22, 2017, Pollak, on behalf of Beaux Equities, LLC, executed a consolidated, amended, and restated mortgage promissory note in the amount of $2,400,000 in favor of the plaintiff secured by a consolidated, amended, and restated mortgage and security agreement encumbering the property.
In January 2022, the plaintiff commenced this action to foreclose the mortgage against the Trust, among others. The Trust interposed an answer, asserting several affirmative defenses and a counterclaim, alleging that the note and mortgage were void ab initio. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the Trust. In an order dated September 30, 2022, the Supreme Court, among other things, granted that branch of the plaintiff's motion. The Trust appeals.
"The New York Recording Act . . . protects a good faith purchaser for value from an unrecorded interest in a property, provided such a purchaser's interest is first to be duly recorded" (Bello v Ouellette, 211 AD3d 784, 785 [internal quotation marks omitted]; see Real Property Law § 291). "A conveyance of property that is not recorded is 'void as against any person who subsequently purchases or acquires' the property 'in good faith and for a valuable consideration,' and whose conveyance is 'first duly recorded'" (Perpignan v Persaud, 91 AD3d 622, 623, quoting Real [*2]Property Law § 291). The plaintiff's mortgage was a "conveyance" as that term is defined in Real Property Law § 290(3) and used in Real Property Law § 291 (see Sprint Equities [NY], Inc. v Sylvester, 71 AD3d 664, 666). Here, since the plaintiff acquired its mortgage interest on the property before the Trust recorded its deed, the plaintiff is protected by the recording statute (see id.). Moreover, the plaintiff established that it was a bona fide encumbrancer for value, as it demonstrated it did not have actual knowledge of the unrecorded deed to the Trust or knowledge of facts that would have put it on inquiry notice of that deed; the plaintiff provided an affidavit of its first vice president wherein he averred that the Trust exercised due diligence in obtaining a title report that gave no indication that the Trust, as opposed to the borrower, was the owner of the property (see Washington Mut. Bank, FA v Peak Health Club, Inc., 48 AD3d 793, 797-798). Accordingly, the plaintiff established its entitlement to summary judgment on the complaint insofar as asserted against the Trust.
In opposition, the Trust failed to raise a triable issue of fact as to whether the mortgage held by the plaintiff was void ab initio or whether the plaintiff had knowledge of facts that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue and that it therefore was not a bona fide encumbrancer (see Rev 5, LLC v Union Temple of Brooklyn, 189 AD3d 1485, 1486).
The Trust's remaining contention is without merit.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the Trust.
DUFFY, J.P., GENOVESI, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court